IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-253-RAH |
| | ) | |
| JEMARION FE'QON LAUSANE | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Jemarion Fe'Qon Lausane was charged on April 23, 2025, in an indictment with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 15.)

On May 27, 2025, Defendant Lausane filed a motion to suppress (Doc. 33) and an amended motion with attachments (Doc. 34), in which he sought to suppress evidence recovered from his residence. The Magistrate Judge determined that an evidentiary hearing was unnecessary and recommended denial of the motion to suppress the seizure of the evidence. On September 12, 2025, the Defendant filed Objections (Doc. 43) to the Magistrate Judge's Report and Recommendation (Doc. 42). Upon an independent and de novo review of the record, and for the reasons below, the Court overrules the Defendant's Objections.

## I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). This Court has reviewed the Motions and the evidentiary materials.

## II. DISCUSSION

Defendant Lausane objects to the Magistrate Judge determination that a *Franks* hearing is unnecessary in this case. He points to inconsistent findings related to the location of a pound of marijuana and additional inconsistent statements between the search warrant and investigative report[1] involving the level of activity

---

[1] As discussed in the Recommendation, "[c]omparing the investigation report of no activity (over an unspecified time) with the search warrant language of narcotics transaction activity suggests that the surveillance facts and timeline were relayed in the search warrant in a manner that was erroneous or doubtful, which should have been recognized by the affiant." (Doc. 42 at 7.) The Magistrate Judge assumed without deciding that the comparison minimally met the first prong of the *Franks* test.

2

at the residence. He maintains that these inconsistencies collectively establish that the law enforcement officer's statement that a pound of marijuana was found in the house is "an intentional lie stated on the record subjecting the officer to perjury charges." (Doc. 43 at 3.)

The statements at issue are found in the Magistrate Judge's detention order and her Recommendation. In the April 22, 2025 Order, the Magistrate Judge found:

> . . . Inside the vehicle, law enforcement recovered a large bag of suspected marijuana. Inside the home, law enforcement also recovered about one pound of suspected marijuana.

(Doc. 14 at 5.) In the August 29, 2025 Recommendation, the Magistrate Judge found:

> According to the Government, during the search of the residence and vehicles contained within the curtilage, law enforcement recovered the marijuana they had seen in plain view during the home's clearing and located vacuum seal bags, three firearms, along with a pound of marijuana in the Yukon.

(Doc. 42 at 3.)

The Court is not persuaded by the Defendant's argument. The fact that there are minor inconsistencies regarding the location of the pound of marijuana or the level of activity at the house does not establish a *Franks* hearing is required here. As discussed in the Recommendation, even assuming the Defendant meets the first prong of the *Franks* analysis, the totality of the circumstances presents a fair

probability that illegal activity was occurring at the home. Every vehicle stopped leaving the residence was found to conceal contraband – drugs and a significant quantity of machine-gun-conversion devices. Consequently, when considering these circumstances, the Court concludes a substantial basis for probable cause existed for the warrant on the face of the affidavit even when modified under *Franks*. *See United States v. Kapordelis*, 569 F.3d 1291, 1309-10 (11th Cir. 2009); *United States v. Gamory*, 635 F.3d 480, 490 (11th Cir. 2011). The Court concludes that the Magistrate Judge's determination that a *Franks* hearing is not warranted in this matter is well-supported by the record.

The Defendant also repeats his arguments from his motion to suppress. Upon de novo review, the Court finds that the Recommendation adequately addressed those arguments and properly rejected them.

### III. CONCLUSION

Accordingly, it is

ORDERED that the Objection (Doc. 43) is OVERRULED, the Report and Recommendation (Doc. 42) of the Magistrate Judge is ADOPTED, and the Motions to Suppress (Docs. 33, 34) are DENIED.

DONE, on this the 19th day of September 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE